# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KEVIN CLOWER, individually and
as next best friend for JADON CLOWER,

       Plaintiff,

vs.                                       No. CIV 12-0472 JB/WDS

GEICO INSURANCE,
d/b/a GEICO GENERAL INSURANCE COMPANY,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Quash and Motion for Protective Order and Brief in Support, filed October 3, 2012 (Doc. 51)("Motion to Quash"). The Court held a hearing on November 26, 2012. The primary issues are: (i) whether the Court should quash a subpoena issued out of the United States District Court for the District of New Mexico for documents in the hands of a third party located in Carrollton, Texas; and (ii) whether the Court should issue a protective order. Because the Court does not have the power to order the disclosure of documents in Texas, the Court will grant the motion to quash the subpoena and deny without prejudice all other relief requested.

## FACTUAL BACKGROUND

On July 7, 2009, Plaintiffs Kevin Clower and Jadon Clower were driving westbound in Los Lunas, New Mexico when Paul Acosta struck the Clowers' vehicle. See Uninsured/Underinsured Motorist Complaint for Personal Injury Damages, Insurance Bad Faith and Related Causes of Action at 2, filed May 3, 2012 (Doc. 1–2)("Complaint"). The Clowers

suffered severe injuries, which will last "indefinitely into the future."   Complaint at 2–3. Acosta's insurance company "agreed to pay insurance policy limits."   Complaint at 3.   The Clowers requested that their insurance company, Defendant GEICO General Insurance Company ("GEICO"), approve the settlement and also "made demand for Underinsured Insurance (UIM) benefits."   Complaint at 3.   In August of 2010, the Clowers provided GEICO with their medical records, so GEICO could evaluate the claim.   <u>See</u> Complaint at 3.   <u>See also</u> Answer to Complaint at 2, filed May 11, 2012 (Doc. 5)("Answer").   In November of 2010, GEICO acknowledged the Clowers' demand for UIM insurance policy limits, but asserted that they needed more information before they could consider the Clowers' claim.   <u>See</u> Complaint at 3.   <u>See also</u> Answer at 2.   On May 19, 2011, per GEICO's request, the Clowers underwent another medical examination.   <u>See</u> Complaint at 4.   On August 5, 2011, GEICO made a "minimal offer" to resolve the Clowers' claims.   Complaint at 4.   GEICO did not pay the Clowers the amount of the offer.   <u>See</u> Complaint at 4.   <u>See also</u> Answer at 3.

## **PROCEDURAL BACKGROUND**

On May 3, 2012, K. Clower, individually and as next best friend for J. Clower, filed the Complaint against GEICO.   <u>See</u> Complaint at 1.   The Clowers' Complaint alleges that GEICO owes insurance benefits for Negligence and Negligence Per Se.    <u>See</u> Complaint at 5–6. Additionally, the Complaint asserts a claim against GEICO for Insurance Bad Faith, and for violations of the New Mexico Unfair Insurance Practices Act, NMSA 1978, § 59A-16-20 ("UIPA"), and the New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-1 through 57-12-26 ("NMUPA").   Complaint at 7, 9–10.

GEICO filed an Answer to the Clowers' Complaint on May 11, 2012.  See Answer at 1. In its Answer, GEICO denied the Clowers' assertions that GEICO owed insurance benefits for negligence and negligence per se.  See Answer at 3–5.  GEICO also denied the Clowers' claims against it for insurance bad faith, and for violations of the UIPA and the NMUPA.  See Answer at 1.

On July 3, 2012, GEICO filed a Motion to Bifurcate and Stay Plaintiffs' Extra-Contractual Claims.  See Doc. 26 ("Motion to Bifurcate").  GEICO requested that the "Court bifurcate [the Clowers'] extra-contractual claims and stay all proceedings on [the claims for insurance bad faith, and for violations of the Unfair Insurance Claim Practices Act and the Unfair Trade Practices Act in the] Complaint pending the determination of whether UIM benefits are owed."  Motion to Bifurcate at 2.

The Clowers filed a Response to Motion to Bifurcate and Stay Plaintiffs' Extra-Contractual Claims on July 17, 2012.  See Doc. 27 ("Response to Motion to Bifurcate").  In their Response to Motion to Bifurcate, the Clowers did not oppose bifurcation.  See Response to Motion to Bifurcate at 1.  Instead, they only "oppose[d] a complete stay of discovery."  Response to Motion to Bifurcate at 1.  The Clowers acknowledged that they were "willing to focus discovery on the underlying UIM case; however, some discovery [would] go to both the issues of bad faith and the value of the UIM claim."  Response to Motion to Bifurcate at 1.

On August 10, 2012, GEICO filed a Reply in Support of Motion to Bifurcate and Stay Plaintiffs' Extra-Contractual Claims.  See Doc. 35 ("Reply in Support of Motion").  GEICO acknowledged that the Clowers did not oppose bifurcation.  See Reply in Support of Motion at 1. GEICO asserted, however, that it "ha[d] offered good cause for a complete stay of discovery on

the extra-contractual claims" and requested that the Court grant its Motion to Bifurcate.  Reply in Support of Motion at 3.

On July 31, 2012, the Clowers' attorney, Richard J. Valle, served a subpoena issued out of the United States District Court for the District of New Mexico on non-party Insurance Service Office ("ISO")[1] in Carrollton, Texas.   See Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action at 3, filed October 3, 2012 (Doc. 51–2)("Subpoena").   The subpoena's proof of service page is blank.   See Subpoena at 5.

GEICO learned of the subpoena's existence on or about August 10, 2012.  See Motion to Quash at 4.  Upon learning about the subpoena, GEICO "requested that [the Clowers] withdraw it, pending a ruling on GEICO's motion to bifurcate and stay."  Motion to Quash at 4.  In an electronic mail transmission to Mr. Valle, GEICO informed the Clowers that "[n]either GEICO nor any of GEICO's counsel of record in this case were served with notice of a subpoena to ISO."  Electronic Mail Transmission from Colby to Valle at 3, dated August 15, 2012, filed October 3, 2012 (Doc. 51-3)("Colby E-mail 1").   Additionally, GEICO asserted that the subpoena contained "broad requests irrelevant to any of [the Clowers'] claims."  Motion to

---

[1] The ISO provides its clients, of which GEICO is one, with "statistical, actuarial, underwriting, and claims information, policy language, information about specific locations, fraud-identification tools, and technical services."  Response to Defendant's Motion to Quash and Motion for Protective Order at 3, filed October 22, 2012 (Doc. 56)("Response to Defendant's Motion to Quash")(citing About ISO, Insurance Service Office, http://www.iso.com/About-ISO/Overview/About-ISO.html).   Accordingly, "insurers [like GEICO] that have agreements with the ISO collect and report accident/injury information to the ISO.  This information becomes part of a database used by ISO members to investigate claims by injured parties."  Response to Defendant's Motion to Quash at 3.

- 4 -

Quash at 4.  In his response to Colby E-mail 1, Mr. Valle admitted that GEICO was not served with the subpoena and that this "failure to serve was an oversight."  Colby E-mail 1 at 3.

On August 16, 2012, Mr. Valle sent an electronic mail transmission to ISO's counsel, Maryanne S. Foglia, requesting that she consider the subpoena withdrawn.  See Electronic Mail Transmission 1 from Valle to Foglia at 2, dated August 16, 2012, filed October 3, 2012 (Doc. 51-4)("Valle E-mail 1").  Ms. Foglia, responded to Mr. Valle's electronic mail transmission, confirming receipt.  See Valle E-mail 1 at 2.  In its electronic mail transmission, ISO additionally stated that it would "not respond to the subpoena until a reasonable time after [it] heard from [Mr. Valle]."  Electronic Mail Transmission from Foglia to Valle at 2, dated August 17, 2012, filed October 3, 2012 (Doc. 51-5)("Foglia E-mail").

On September 6, 2012, Mr. Valle sent an electronic mail transmission to Ms. Foglia, informing ISO that the parties "had been unable to resolve any issues concerning the subpoena" and that the Clowers intended to file a motion to compel within the next week.  Electronic Mail Transmission 2 from Valle to Foglia at 2, dated September 6, 2012, filed October 3, 2012 (Doc. 51-8)("Valle E-mail 2").  On September 14, 2012, in response to Valle E-mail 2, ISO responded to the Clowers' request and produced certain documents despite that the Clowers "stated they withdrew the subpoena."  Motion to Quash at 5.  Mr. Valle did not include GEICO's bad faith counsel on Valle E-mail 2 to Ms. Foglia, and, instead, included only GEICO's UIM contract claim counsel.  As a result, GEICO's bad-faith counsel was "confused as to the circumstances that led to [ISO's] letter and ISO's production of documents."  Electronic Mail Transmission from Colby to Foglia at 2, dated September 17, 2012, filed October 3, 2012 (Doc. 51-7)("Colby E-mail 2").  Once GEICO's bad-faith counsel learned about ISO's production of documents, they sent an electronic mail transmission to Mr. Valle to express concern that they had no

opportunity to "weigh[] in and prevent[] the improper production of documents."  Electronic Mail Transmission from Lewis to Valle at 2, dated September 21, 2012, filed October 3, 2012 (Doc. 51-9)("Lewis E-mail").

On October 3, 2012, GEICO filed its Motion to Quash, moving the Court, pursuant to rules 26(c) and 45 of the Federal Rules of Civil Procedure, for an order quashing the subpoena, and for an order granting protective relief under rule 26(c).  See Motion to Quash at 1.  The motion contains a conference certificate.[2]  See Motion to Quash at 1.  Before filing its motion, GEICO requested, pursuant to D.N.M. LR-Civ. 7.1(a) and rule 26(c)(1) of the Federal Rules of Civil Procedure, the Clowers' concurrence to the relief that it seeks in this motion.  See Motion to Quash at 1.  The Clowers oppose the relief that GEICO requests in this motion.  See Motion to Quash at 1.

In their Motion to Quash, GEICO asserts that it "has standing to challenge the [s]ubpoena and seek this motion to quash because the [s]ubpoena seeks documents that contain GEICO's confidential, proprietary and/or trade secret information."  Motion to Quash at 7.  GEICO further alleges that it has standing to seek the protective order under rule 26(c).  See Motion to Quash at 7 (citing Dreyer v. GACS, Inc., 204 F.R.D. 120, 122 n.3 (N.D. Ind. 2001), for the proposition that "a party has standing to object to a subpoena directed at a non-party when the party claims a 'personal right or privilege' over the documents sought").

---

[2] A conference certificate indicates two things: (i) the party filing the motion conferred with opposing counsel before filing the motion; and (ii) whether the motion is opposed or unopposed.  See Fed. R. Civ. P. 26(c)(1)("The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.").  See also D.N.M. LR-Civ. 7.1(a)("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied.").

GEICO presents three arguments in support of its Motion to Quash.  See Motion to Quash at 7–16.  First, GEICO asserts that the Court should quash the subpoena, because it is void.  See Motion to Quash at 7.  GEICO states that the Clowers "have not filed proof of service of this [s]ubpoena with this Court, as required by Rule 45(b)(4)."  Motion to Quash at 7.  Further, GEICO argues that "a subpoena for the production or inspection of documents, must be issued 'from the court for the district where the production or inspection is to be made.'"  Motion to Quash at 7–8 (quoting Fed. R. Civ. P. 45(a)(2)(C)).  Second, GEICO asserts that the Court should quash the subpoena, because "[t]he documents [the Clowers] seek from ISO are simply not relevant to any claim or defense in this case, nor are they calculated to lead to the discovery of admissible evidence."  Motion to Quash at 8.  Third, GEICO advances that the Court should quash the subpoena, because "[t]he [s]ubpoena seeks documents that contain the confidential, proprietary, commercial, and/or trade secret information of GEICO."  Motion to Quash at 13.

In support of its Motion for a Protective Order, GEICO states that "the Court may issue a protective order to protect and prevent the disclosure of GEICO's trade secret and other confidential commercial information under Rule 26(c)(1)(G)."  Motion to Quash 15–16.  Ultimately, GEICO argues that the subpoena is "both procedurally and substantively flawed."  Motion to Quash at 16.  GEICO requests that the Court quash the subpoena and issue a protective order pursuant to rules 45 and 26(c).  See Motion to Quash at 16.

On October 22, 2012, the Clowers filed their Response to Defendant's Motion to Quash and Motion for Protective Order.  See Doc. 56 ("Response to Defendant's Motion to Quash").  In their Response to Defendant's Motion to Quash, the Clowers argue that the Court should not consider the subpoena void.  See Response to Defendant's Motion to Quash at 1.  The Clowers allege that GEICO is correct that there was an "initial oversight in providing a copy of the

subpoena to GEICO," but that this "was an inadvertent error, which [the Clowers] corrected on August 16, 2012."  Response to Defendant's Motion to Quash at 1.  Additionally, the Clowers assert that "[t]he documents that [the Clowers] seek[] through their subpoena to ISO are relevant to the UIM claim, as well as the UIM defenses."  Response to Defendant's Motion to Quash at 2.  The Clowers ask that the Court deny GEICO's Motion to Quash.  See Response to Defendant's Motion to Quash at 6.

On November 8, 2012, GEICO filed the Defendant's Reply to Plaintiffs' Response to Defendant's Motion to Quash and Motion for Protective Order.  See Doc. 58 ("Reply to Plaintiffs' Response").  In their Reply to Plaintiffs' Response, GEICO argues that the Clowers "have presented no argument or evidence in their Response that refutes the evidence presented in GEICO's motion."  Reply to Plaintiffs' Response at 1.  GEICO reasserts their arguments that the Court should quash the subpoena, as it is void, because the Clowers failed to provide proper notice of the subpoena to GEICO and because the subpoena "was issued from the wrong court." Reply to Plaintiffs' Response at 3.  Further, GEICO argues that the subpoena is void because the documents sought are not relevant to the Clowers' case, and because the subpoena seeks documents that are confidential, commercial, proprietary, and trade secret information.  See Reply to Plaintiffs' Response at 2–7.  GEICO asks the Court to quash the subpoena and issue a protective order.  See Reply to Plaintiffs' Response at 8.

The Court held a hearing on November 26, 2012.  See Liberty Court Player at 1:37:16– 58:39 (November 26, 2012)("Liberty").  GEICO spoke in support of its motion.  See Liberty at 1:44:40–46:01 (Lewis).  GEICO asserted that the Court should grant the Motion to Quash, because the subpoena was void on its face as the wrong court issued it.  See Liberty at 1:45:30– 46:01 (Lewis).  GEICO argued that the United States District Court for the Northern District of

Texas, rather than the Court, should originally have issued the subpoena.  <u>See</u> Liberty at 1:45:00–45:30 (Perry).  Additionally, GEICO informed the Court that it filed a Motion for a Protective Order, because it knew that the Clowers would reissue their subpoena from the correct court, and GEICO wanted to prevent the Clowers from ever accessing the documents sought. <u>See</u> Liberty at 1:45:30–46:01 (Lewis).

During the hearing, the Clowers opposed GEICO's Motion to Quash.  <u>See</u> Liberty at 1:48:13–48:56 (Valle).  The Clowers pointed out that the ISO did not file the Motion to Quash. <u>See</u> Liberty 1:48:13–48:56 (Valle).  The Clowers argued that the documents they were seeking from ISO were relevant to their UIM claims, because they could help establish causation.  <u>See</u> Liberty at 1:50:28–50:47 (Valle).  Further, the Clowers asserted that the documents they sought from the ISO were not for the claims handling portion of their case.  <u>See</u> Liberty at 1:51:23– 51:47 (Valle).

<u>**LAW REGARDING QUASHING SUBPOENAS**</u>

"A court may quash or modify a subpoena pursuant to rule 45(c)."  <u>Morales v. E.D. Etnyre & Co.</u>, 229 F.R.D. 661, 696 (D.N.M. 2005)(Browning, J)(citing Fed. R. Civ. P. 45(c)). Rule 45(c)(3)(A)(iv) states that the Court "shall quash or modify [a] subpoena if it . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iv).  Furthermore, rule 45(c)(3)(B) provides: "To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B).  "The party . . . moving to quash a subpoena has the burden to demonstrate good cause and/or privilege to be protected."  <u>Morales v. E.D. Etnyre & Co.</u>, 229 F.R.D. at 696.  <u>See also</u> <u>Sentry v. Shivers</u>, 164 F.R.D. 255, 256 (D. Kan. 1996)("[A] party seeking a protective order also has the burden to

show good cause for it."). Generally, "only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena." Beach v. City of Olathe, Kansas, No. 99-2217GTV, 2001 WL 1098032, at *1 (D. Kan. Sept. 17, 2001)(citing Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D. Kan. 1999)). Moreover, "[a]bsent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty." Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs., No. CIV 03-1185 JB/LFG, 2007 WL 2296916, at *1 (D.N.M. June 26, 2007)(quoting Donahoo v. Ohio Dep't of Youth Servs., 211 F.R.D. 303, 306 (N.D. Ohio 2002)). "The exception to this rule is that 'a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests.'" Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs., 2007 WL 2296916, at *1 (quoting United States v. Raineri, 670 F.2d 702, 712 (7th Cir. 1982)).

A party may make a motion to quash a subpoena because the issuing court had no jurisdiction to issue the subpoena. See United States ex. rel. Pogue v. Diabetes Treatment Centers of Am., Inc., 444 F.3d 462, 468 (6th Cir. 2006)(citing Fed. R. Civ. P. 45(a)(2)(B)-(C) for the proposition that "[a] subpoena . . . for document production from a nonparty must issue from the court for the district where the . . . production will be made"). See also Radian Asset Assurance, Inc. v. Coll. of the Christian Bros. of N.M., No. CIV 09-0885 JB/DJS, 2010 WL 5173316, at *4 (D.N.M. Nov. 15, 2010)(Browning, J); Res. Assocs. Grant Writing & Evaluation Servs., LLC, v. Maberry, No. CIV 08-0552 JB/LAM, 2009 WL 1300561, at *14 (D.N.M. Feb. 5, 2009)(Browning, J). "Moreover, any disputes that arise over the subpoena of a nonparty are decided by the court that issued the subpoena," meaning that a party must seek a rule 26(c) protective order or a discovery sanction from the same court that issued the subpoena. United States ex. rel. Pogue v. Diabetes Treatment Centers of Am., Inc., 444 F.3d at 468 (citing Fed. R.

-10-

Civ. P. 45(c)(2)(B)).   See also Res. Assocs. Grant Writing & Evaluation Servs., LLC, v. Maberry, 2009 WL 1300561, at *14 (citing Fed. R. Civ. P. 45(a)(2)(C)).

## LAW REGARDING PROTECTIVE ORDERS

"Federal district courts have broad discretion over discovery." Morales v. E.D. Etnyre & Co., 229 F.R.D. at 662.  "The trial court has discretion to grant a protective order pursuant to rule 26(c) of the Federal Rules of Civil Procedure." Morales v. E.D. Etnyre & Co., 229 F.R.D. at 696 (citing Thomas v. Int'l Bus. Machines, 49 F.3d 478, 482 (10th Cir. 1995)).  Rule 26(c) provides that, upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which order may include forbidding disclosure or discovery.  Fed. R. Civ. P. 26(c)(1)(A).  Accord Miller v. Regents of the Univ. of Colo., 188 F.3d 518, 1999 WL 506520, at *12 (10th Cir. 1999)(unpublished table decision)[3](reasoning that "[t]he district court is in the best position to weigh these variables and determine the appropriate limits because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties").  "Federal Rule of Civil Procedure 26(c) expressly limits who may move for a protective order to parties or the person from whom discovery is sought." SEC v. Dowdell, 144 F. App'x 716, 722-23 (10th Cir. 2005)(unpublished)(noting that a third party may not move

---

[3] Miller v. Regents of the Univ. of Colo. is an unpublished opinion but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Miller v. Regents of the Univ. of Colo. has persuasive value with respect to a material issue, and will assist the Court in its disposition of this memorandum opinion and order.

-11-

for a rule 26(c) protective order if it is not a party to the underlying action, has not intervened, or has not been served a subpoena seeking discovery).  "It is the party seeking the protective order who has the burden to show good cause for a protective order."  <u>Velasquez v. Frontier Med. Inc.,</u> 229 F.R.D. 197, 200 (D.N.M. 2005)(Browning, J.).  <u>Accord</u> <u>Murphy v. Gorman,</u> 271 F.R.D. 296, 303 (D.N.M. 2010)(Browning, J.).  The party seeking the protective order must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  <u>Gulf Oil Co. v. Bernard,</u> 452 U.S. 89, 102 n.16 (1981)(internal quotation marks omitted).  Although rule 26(c) is silent regarding the time within which the movant must file for a protective order, the United States Court of Appeals for the Tenth Circuit has held that "a motion under [rule] 26(c) for protection . . . is timely filed if made before the date set for production."  <u>In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.,</u> 669 F.2d 620, 622 n.2 (10th Cir. 1982)(quoting language from <u>In re Halkin,</u> 598 F.2d 176, 193 (D.C. Cir. 1979), <u>overruled on other grounds by</u> <u>Seattle Times Co. v. Rhinehart,</u> 467 U.S. 20, 33 (1984)).  A party must seek a rule 26(c) protective order from the same court that issued the subpoena.  <u>See</u> <u>United States ex. rel. Pogue v. Diabetes Treatment Centers of Am., Inc.,</u> 444 F.3d at 468 ("[A]ny disputes that arise over the subpoena of a nonparty are decided by the court that issued the subpoena")(citing Fed. R. Civ. P. 45(c)(2)(B)).  <u>See also</u> <u>Res. Assocs. Grant Writing & Evaluation Servs., LLC, v. Maberry,</u> 2009 WL 1300561, at *14 (explaining that disputes arising "over the subpoena of a nonparty are decided by the court that issued the subpoena")(citing <u>United States ex. rel. Pogue v. Diabetes Treatment Centers of Am., Inc.,</u> 444 F.3d at 468).

<u>ANALYSIS</u>

The Court will grant GEICO's Motion to Quash in part.  The subpoena issued out of the United States Court for the District of New Mexico seeks documents from the ISO located in Texas.  The Court does not have the power to order the disclosure of documents in Texas.  The subpoena is therefore invalid and void.  The Court does not, however, believe that GEICO is entitled to a protective order under rule 26(c).  Furthermore, as the subpoena is void, the Court will not issue an advisory opinion whether the documents the subpoena seeks are relevant, or whether the subpoena seeks documents that contain GEICO's confidential, proprietary, and trade secret information.  The Court will grant the Motion to Quash in part and deny without prejudice all other relief requested.

## I.   THE COURT WILL GRANT GEICO'S MOTION TO QUASH, BECAUSE THE SUBPOENA ISSUED OUT OF THE UNITED STATES COURT FOR THE DISTRICT OF NEW MEXICO IS INVALID AND VOID.

The Court will grant GEICO's Motion to Quash.  The subpoena issued out of the United States Court for the District of New Mexico is invalid and void.  The Court will therefore quash the subpoena.  On the other hand, the Court does not believe that GEICO is entitled to a protective order under rule 26(c) regarding the discovery sought in the subpoena, because the Motion for Protective Order is made in the wrong court. The Court does not have jurisdiction over the subpoena, and, thus, the Court does not have jurisdiction over the dispute relating to the subpoena, including the Motion for Protective Order.  The Court will therefore deny GEICO's Motion for Protective Order without prejudice.  Furthermore, the Court will not produce an advisory opinion about the relevance of the documents the Clowers sought from ISO in their subpoena.  See United States v. Sturm, Nos. 09-1386, 09-5022, 2011 WL 6261657, at *25 (10th Cir. Apr. 4, 2011)(unpublished)("As is well known the federal courts established pursuant to

Article III of the Constitution do not render advisory opinions")(quoting United Pub. Workers of Am. (C.I.O.) v. Mitchell, 330 U.S. 75, 89 (1947)).

Before determining whether to grant GEICO's Motion to Quash, the Court initially considers whether GEICO has standing to move to quash the subpoena at issue. The general rule is that GEICO has no standing to challenge a subpoena issued to ISO, a nonparty. See Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs., 2007 WL 2296916, at *1. There are two exceptions, however, to this general rule: if GEICO has a claim of privilege and/or if the subpoena addressed to ISO infringes upon GEICO's "legitimate interests." Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs., 2007 WL 2296916, at *1 (quoting United States v. Raineri, 670 F.2d at 712. Applying this rule, the Court concludes that GEICO has standing to move to quash the subpoena directed at ISO. GEICO has a "legitimate interest" in documents that they assert contain GEICO's "confidential, proprietary and/or trade secret information." Motion to Quash at 7. GEICO, therefore, has standing to move to quash the subpoena.

The Court will quash the subpoena, because the subpoena is void. The Court does not have jurisdiction to order ISO, a nonparty located in Carrollton, Texas, to produce documents. See Fed. R. Civ. P. 45(a)(2)(C). Instead, if the Clowers seek to obtain documents from ISO, they must issue a subpoena from a federal court in the Northern District of Texas, as this is the district from which ISO will produce documents. See Fed. R. Civ. P. 45(a)(2)(C). See also Liberty at 1:45:00–45:30 (Perry)(informing the Court that the correct district for Carrollton, Texas is the Northern District of Texas). As the Court has no jurisdiction to order ISO to produce documents from its Texas office, the Court will grant GEICO's Motion to Quash the subpoena out of the Court.

The Court will deny GEICO's Motion for Protective Order, because the Court does not have jurisdiction over any valid subpoena that would underlie the issues that the Motion for Protective Order raises.  Although GEICO moved for a rule 26(c) protective order from the same court that issued the subpoena, the Court does not have jurisdiction over any valid subpoena that the Northern District of Texas issues.  See Fed. R. Civ. P. 45(a)(2)(C)(mandating that "[a] subpoena must issue . . . from the court for the district where the production or inspection is to be made").  The Court does not have the power to decide a dispute arising over a subpoena when the Court does not have jurisdiction over that subpoena.  See United States ex. rel. Pogue v. Diabetes Treatment Centers of Am., Inc., 444 F.3d at 468 (citing Fed. R. Civ. P. 45(c)(2)(B)). See also Res. Assocs. Grant Writing & Evaluation Servs., LLC, v. Maberry, 2009 WL 1300561, at *14 (citing Fed. R. Civ. P. 45(a)(2)(C)).  GEICO, therefore, may seek a protective order only from a court with jurisdiction over any properly issued subpoena.  See Fed. R. Civ. P. 45(c)(2)(B).  If the Clowers reissue their subpoena from a court in the Northern District of Texas, then GEICO may make its motion for a protective order to that court.  See Fed. R. Civ. P. 45(c)(2)(B).  Thus, the Court will deny GEICO's Motion for Protective Order without prejudice to renew it in Texas.

## II.   THE COURT WILL NOT ISSUE AN ADVISORY OPINION WHETHER THE SUBPOENA SEEKS DOCUMENTS OUTSIDE THE SCOPE OF RELEVANCE, OR WHETHER THE SUBPOENA SEEKS DOCUMENTS THAT ARE GEICO'S CONFIDENTIAL, PROPRIETARY, AND TRADE SECRET INFORMATION.

Because the Court will quash the subpoena for lack of jurisdiction, the Court will not decide whether GEICO's other arguments have a sound basis in law or fact.  The Court will not issue an advisory opinion whether the subpoena seeks documents and information outside the scope of potential relevance, or whether the subpoena seeks documents that contain GEICO's confidential, proprietary, and/or secret information.  If the Clowers reissue their subpoena from a

court in the correct district, then GEICO may raise their objections to the subpoena before the Texas court.

   **IT IS ORDERED** that the requests in the Defendant's Motion to Quash and Motion for Protective Order and Brief in Support, filed October 3, 2012 (Doc. 51), are granted in part and denied in part. The Court will grant the Motion to Quash and quash the subpoena issued out of the United States District Court for the District of New Mexico. The Court will deny the Defendant's Motion for Protective Order without prejudice to renew in the United States District Court for the Northern District of Texas.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Bruce E. Thompson
Martinez, Hart & Thompson, P.C.
Albuquerque, New Mexico

--and--

Richard J. Valle
Criostoir O'Cleireachain
Carter & Valle Law Firm, P.C.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Ripley B. Harwood
Ripley B. Harwood, P.C.
Albuquerque, New Mexico

   *Attorneys for Defendant as to Counts I and II*

Daniel W. Lewis
Allen, Shepherd, Lewis, & Syra, P.A.
Albuquerque, New Mexico

--and--

Meloney Perry
Christopher T. Colby
Meckler, Bulger, Tilson, Marick & Pearson, LLP
Dallas, Texas

*Attorneys for the Defendant as to Counts III, IV, and V*